Filed 3/13/23  P. v. I.C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>                    v.<br><br>I.C.,<br><br>          Defendant and Appellant. | F083780<br><br>(Super. Ct. No. 1235289)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Eliyahu Kaplunovsky for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2021, appellant I.C.[1] petitioned to seal his arrest record pursuant to Penal Code section 851.91[2] after the charge stemming from that arrest was dismissed on November 21, 2007, and it was not refiled; the trial court denied the petition. On appeal, appellant contends a relevant conviction and his other arrests do not come within the meaning of section 851.91, subdivision (c)(2), such that his petition could be discretionarily denied; rather, he qualifies for relief under section 851.91 as a matter of right as a person whose arrest did not result in a conviction: the charge was dismissed and cannot be refiled. We agree and reverse the trial court's order with respect appellant's petition in Stanislaus Superior Court case No. 1235289 (case No. 1235289).

**FACTUAL SUMMARY**

On December 3, 2021, appellant filed a petition under section 851.91 to seal his arrest record in case No. 1235289. He also, apparently, filed a section 851.91 petition in Stanislaus Superior Court case No. 1406441 (case No. 1406411).[3] The record on appeal establishes a hearing was held on January 7, 2022, as to both petitions in cases Nos. 1235289 and 1406441, and the prosecutor's opposition to the petition in case No. 1235289 indicates a petition was filed in case No. 1406441 and directs a portion of the opposition to the petition in case No. 1406441.

Relevant to his sealing request, appellant suffered three arrests and one conviction in the following cases, which were filed between 2007 and 2009.

---

[1] Rule 8.90(b) of the California Rules of Court directs us to "consider referring to" certain individuals "by first name and last initial or, if the first name is unusual or other circumstances would defeat the objective of anonymity, by initials only," in order to protect those individuals' privacy. The list of people to whom this rule applies includes "[p]ersons in other circumstances in which personal privacy interests support not using the person's name …." (Cal. Rules of Court, rule 8.90(b)(10).) In this opinion, we refer to appellant by his first and last initials, given that the sole purpose of this appeal is to attempt to vindicate a statutory privacy right.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] There is no petition related to case No. 1406441 in the record on appeal.

## I.  Criminal Cases

### A.  Case No. 1235289

Appellant's spouse contacted law enforcement on October 7, 2007, alleging that appellant hit her with his fist in the cheek and scratched her on her right cheek and neck. A felony complaint against appellant was filed on October 10, 2007, charging appellant with a single felony count of violating section 273.5, subdivision (a), battery on a spouse. At a preliminary hearing on November 21, 2007, the case was dismissed, apparently because the victim did not appear at the hearing and when contacted later indicated she wished to drop the charges. The minute order dismissing the case included a handwritten notation that the case was subject to refiling.

### B.  Stanislaus County Superior Court Case No. 1257509 (Case No. 1257509)

There are no records regarding this case in the record on appeal. The prosecutor's opposition to appellant's petition indicated this case involved a separate battery on appellant's former spouse in February 2009 after which appellant was charged on February 24, 2009, and later pled no contest to felony battery and possession of a controlled substance. He received a sentence that included 120 days in jail. A restraining order required him to stay 100 yards away from his former spouse. He was released from jail on July 21, 2009.

### C.  Case No. 1406441

Meanwhile, in June 2009 and prior to his jail sentence in case No. 1257509, appellant was once again involved in offenses related to his former spouse; appellant was arrested in June 2009 and remained in custody during the pendency of case No. 1257509.[4] A criminal complaint was filed against appellant for misdemeanor vandalism and violation of a court protective order of appellant's former spouse. After

---

[4]    The record on appeal in this case contains only two records relating to case No. 1406441: the prosecutor's underlying opposition to the petition in case No. 1406441 and the trial court's ruling on that petition at the hearing on January 7, 2022.

his release from jail in July 2009, an arrest warrant for appellant was issued on November 20, 2009. In February 2014, appellant was removed from the United States by federal authorities. In April 2021, appellant sought to clear the warrant in this case; the prosecutor was unable to contact appellant's former spouse, and the matter was dismissed in September 2021. Appellant filed a petition under section 851.91 in case No. 1406441, which was pending and heard at the same time as the petition in case No. 1235289—the case now on appeal.

## II. Trial Court Denies the Petitions Under Section 851.91

The prosecutor argued both petitions in cases Nos. 1235289 and 1406441 should be denied as not in the interest of justice: appellant was convicted once and arrested two additional times for domestic violence related offenses. According to the prosecutor, in cases where there is a "pattern" of domestic violence arrests and/or convictions, the statute only allows arrest records to be sealed under section 851.91 if the trial court finds it is in the interest of justice to do so. (See § 851.91(c)(2).) While the prosecutor conceded appellant's conviction and arrests between 2007 and 2009 did not qualify as a "pattern" under section 851.91(c)(2)(A)(ii), the prosecutor argued "it hardly seems logical that [two] arrests [and one conviction] in a two-year period [is] not a pattern of violence against the victim in this case ...." For this reason, the prosecutor asserted the trial court should deny the request to seal as being outside the interests of justice. Appellant did not file a reply to the prosecutor's opposition brief.

On January 7, 2022, the trial court denied the sealing request, finding that appellant had a pattern of domestic violence offenses/arrests and concluded the petitions could not be granted on this basis.

Appellant appealed this ruling in case No. 1235289, but case No. 1406441 was not part of that appeal. Appellant's notice of appeal pertains only to case No. 1235289, and the record on appeal includes the clerk's transcript for that case only. The only record included in the reporter's transcript is the January 7, 2022, hearing on the two petitions.

DISCUSSION

## I.       Section 851.91

"A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest and related records sealed …." (§ 851.91, subd. (a).)

### A.       Petition Requirements

To obtain a sealing order, a petitioner must file a verified petition that includes the petitioner's name and birthdate; "[t]he date of the arrest for which sealing is sought"; "[t]he city and county where the arrest took place"; and "[t]he law enforcement agency that made the arrest." (§ 851.91, subd. (b)(1)(E)(i)–(iv).) Additionally, the petition must include "[a]ny other information identifying the arrest that is available from the law enforcement agency that conducted the arrest or from the court in which the accusatory pleading, if any, based on the arrest was filed, including, but not limited to, the case number for the police investigative report documenting the arrest, and the court number under which the arrest was reviewed by the prosecuting attorney or under which the prosecuting attorney filed an accusatory pleading." (*Id.*, subd. (b)(1)(E)(v).)

The petitioner has the initial burden of proof to show that he or she is entitled to have his or her arrest sealed as a matter of right, and "[i]f the court finds that [the] petitioner has satisfied his or her burden of proof, then the burden of proof shall shift to the respondent prosecuting attorney." (§ 851.91, subd. (d)(2).)

### B.       Eligibility As a Matter of Right

"A petitioner who is eligible for relief under subdivision (a) is entitled to have his or her arrest sealed as a matter of right unless he or she is subject to [section 851.91, subdivision (c)](2)." (§ 851.91, subd. (c)(1).) Under section 851.91, subdivision (a)(1), "an arrest did not result in a conviction if any of the following are true:

"(A)   The statute of limitations has run on every offense upon which the arrest was based and the prosecuting attorney of the city or county that would have had

jurisdiction over the offense or offenses upon which the arrest was based has not filed an accusatory pleading based on the arrest[;]

"(B) The prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to all charges, one or more of the following has occurred:

"(i) No conviction occurred, the charge has been dismissed, and the charge may not be refiled[;]

"(ii) No conviction occurred and the arrestee has been acquitted of the charges[;]

"(iii) A conviction occurred, but has been vacated or reversed on appeal, all appellate remedies have been exhausted, and the charge may not be refiled."  (§ 851.91, subd. (a)(1)(A)–(B).)

## C. Statutory Ineligibility

A person is *not* eligible for relief under the statute in any of the following circumstances:

"(A) He or she may still be charged with any of the offenses upon which the arrest was based[;]

"(B) Any of the arrest charges … is a charge of murder or any other offense for which there is no statute of limitations … [;]

"(C) The petitioner intentionally evaded law enforcement efforts to prosecute the arrest, including by absconding from the jurisdiction in which the arrest occurred.  The existence of bench warrants or failures to appear that were adjudicated before the case closed with no conviction does not establish intentional evasion[;]

"(D) The petitioner intentionally evaded law enforcement efforts to prosecute the arrest by engaging in identity fraud and was subsequently charged with [that] crime …."  (§ 851.91, subd. (a)(2)(A)–(D).)

## D. Discretionary Eligibility If In the Interests of Justice

Under section 851.91, subdivision (c)(2), if any of the offenses upon which the arrest was based, or any of the charges in the accusatory pleading involved a pattern of

6.

domestic violence arrests, among other things, then the petitioner may discretionarily have his arrest sealed only upon showing that the sealing would serve the interests of justice. (*Id.,* subd. (c)(2)(A)(i)(I)–(III).) A "pattern" within the meaning of the statute is "two or more convictions, or five or more arrests, for separate offenses occurring on separate occasions within three years from at least one of the other convictions or arrests." (*Id.,* subd. (c)(2)(A)(ii).)

## II.     Additional Background

At the hearing on January 7, 2022, the court noted the affidavit supporting the arrest in case No. 1406441 indicated the victim "had complained that the defendant had made numerous threats against her life and, um, she was in fear for her life and he was continuing to violate the restraining order. [¶] [I]t doesn't appear to me that he qualifies, given the pattern of domestic violence that I saw here. The only reason why, um, I can see that these cases got dismissed is because he was gone for such a long time and wasn't before the court to where then he could be prosecuted for these offenses, otherwise he would have been prosecuted. It wasn't that [the prosecutors] dismissed because they thought that maybe he was innocent of the charges; they dismissed because the cases were old. And part of it may have been due to the government deporting him, but I can't really tell because there's no information from the court in the court's files to tell when he made his way back to the United States and how long he was gone that was caused by the government's deportation.

"So, because I don't have any of that information, I don't think I can grant that request at this point. I also don't think that he probably qualifies given the pattern I see of domestic violence. He's probably lucky he wasn't violated on his probation[,] or he would have been sent to state prison because of the new law violations."

The trial court further explained, "it seems like there's a clear pattern of domestic violence which the statute specifically addresses and says that those people are not eligible. I think because of the pattern of domestic violence here, even though there

7.

weren't the requisite number of arrests necessarily, there were complaints and there was actually a conviction for a felony, which is more than what is necessarily required by the statute; so I don't think he qualifies. [¶] So I'm going to deny his relief on this on that basis."

### III.   Appellant's Petition in Case No. 1235289 Should Have Been Granted

Appellant claims he is eligible as a matter of right under section 851.91, subdivision (a)(1)(B)(i), for sealing of his October 2007 arrest in case No. 1235289: that arrest did not result in a conviction on any charge, the single charge filed against him was dismissed, and that charge cannot now be refiled. The People maintain appellant has not established he is entitled to relief under section 851.91 as a matter of right because he has not affirmatively shown the October 2007 charge for violation of section 273.5 could not be refiled. The People make no assertion appellant's conviction and arrests qualify as a "pattern" of domestic violence under section 851.91(c)(2)(A)(i)(I) for which sealing could be discretionarily denied as not in the interests of justice.

The record reflects appellant is entitled, as a matter of right, to sealing of his record related to the arrest in case No. 1235289. First, there is no dispute the October 2007 arrest did not result in a conviction. The record establishes the single charge for violation of section 273.5, subdivision (a), stemming from that arrest was dismissed at a preliminary hearing on November 21, 2007. Additionally, the record demonstrates the charge cannot be refiled under the applicable statute of limitations. Based on the case records provided by appellant, the statute of limitations expired on appellant's October 2007 offense no later than November 2010, long before appellant was deported in 2014, and more than a decade before this petition was filed.

Specifically, the statute of limitations for the felony offense of spousal battery under section 273.5, subdivision (a), is three years plus any tolling: the prosecution "shall be commenced within three years after commission of the offense." (§ 801, see § 803, subd. (b) [tolling the statute of limitations during the pendency of the prosecution

8.

for that offense].)  Pursuant to the felony complaint allegations, the section 273.5, subdivision (a), offense was committed on October 7, 2007.

The only applicable tolling provision is supplied under section 803, subdivision (b), which pertains to "[t]he time during which prosecution of the same person for the same conduct is pending in a court of this state .…"[5]  For purposes of triggering this tolling provision, the commencement of a prosecution is defined by statute to occur when, among other times not applicable here, "[t]he defendant is arraigned on a complaint that charges the defendant with a felony."  (§ 804, subd. (c).)  The record on appeal does not include any documents showing the date on which petitioner was arraigned, but we presume he was arraigned.  First, "[w]hen the defendant is charged with the commission of a felony by a written complaint subscribed under oath and on file in a court within the county in which the felony is triable, he or she shall, without unnecessary delay, be taken before a magistrate of the court in which the complaint is on file.…"  (§ 859.)  Second, at the time of arraignment for a felony to which the defendant has not pleaded guilty, the magistrate must set a time for examination of the case.  (§ 859b.)  Since the record affirmatively establishes a preliminary hearing was set at which appellant appeared, we presume the predicate arraignment was held in accordance with these statutes.  (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."].)

---

**5**     We note the prosecutor never asserted any tolling provision applied or addressed how the October 2007 charge could be, at this point, refiled within the statute of limitations.  On the face of the criminal complaint and the subsequent dismissal of the prosecution in November 2007, the 2007 charged offense has long been barred by the statute of limitations; those case documents were sufficient for appellant to meet his burden to show the charges could not be refiled.  With no rebuttal by the prosecution that the charges could be refiled within the statute of limitations and because appellant's aggregate offenses do not constitute a pattern under section 851.91, subdivision (c)(2)(ii), the trial court's error in refusing to grant the petition as a matter of right is affirmatively shown.

For the sake of argument with respect to tolling, even if we assume appellant was arraigned the same day as the charged conduct occurred on October 7, 2007, and thus the prosecution commenced within the meaning of section 804, subdivision (c), on that date, the case was dismissed on November 21, 2007—i.e., no longer pending. At best, the prosecution commenced (within the meaning of § 803, subd. (b), and § 804, subd. (c)) on October 7, 2007, and concluded on November 21, 2007, which would have resulted in 45 days of tolling. Thus, commensurate with the statute of limitations, the charge could have been refiled no later than November 21, 2010, after which time it would have been barred by the three-year limitation period in section 801.[6] There is no evidence the charge was ever refiled; the prosecutor's opposition to appellant's December 2021 petition noted only the charge's dismissal; the prosecutor never asserted the charge had been refiled. The mere fact the order dismissing the charge indicated, by handwritten notation, that it was subject to refiling could not preclude the expiration of the statute of limitations.

Finally, appellant's conviction and arrest records do not meet the definition of "pattern" under section 851.91, subdivision (c)(2)(A)(ii), such that granting or denying the petition would be committed to the court's discretion to determine whether sealing is in the interests of justice (*id*., subd. (c)(2)(A)(i)). The trial court indicated appellant was "not eligible" for relief under the statute because he had suffered a pattern of domestic violence arrests and/or convictions. As the People implicitly concede, this was incorrect in two different ways. First, appellant's conviction and arrests did not establish a "pattern" as defined by the statute. A "pattern" requires two or more convictions or five or more arrests "for separate offenses occurring on separate occasions within three years from at least one of the other convictions or arrests." (*Id.,* subd. (c)(2)(A)(ii).) Appellant

---

**6**      As the People note, there is nothing in the record that indicates any preclusion on refiling the dismissed charge *before* November 21, 2010, including any preclusion under section 1387.

was arrested two times in a two-year period between 2007 and 2009 for domestic violence related incidents, and he suffered one conviction under section 273.5. This may be a pattern in a colloquial sense, but it does not qualify as one under the statute.

Second, even if this *had* established a pattern of domestic violence related convictions and/or arrests within the meaning of the statute—which it did not—it would not render petitioner *ineligible* for relief as the trial court seemed to indicate. It was still within the trial court's discretionary power to seal the arrest record if it was in the interests of justice to do so. (§ 851.91, subd. (c)(2)(A)–(B).) Further, although it appears to pertain to the petition in case No. 1406441, which is not part of this appeal, the trial court gave some indication in its ruling that it believed appellant had attempted to evade prosecution by virtue of his deportation. Intentional evasion of law enforcement efforts to prosecute an arrest may render a petitioner altogether ineligible for relief under section 851.91, subdivision (a)(2)(C), but this is wholly irrelevant to the petition in case No. 1235289. Setting aside whether federal deportation could ever show a defendant "intentionally evaded law enforcement efforts to prosecute [an] arrest" within the meaning of section 851.91, subdivision (a)(2)(C), the applicable statute of limitations on the October 7, 2007, offense in case No. 1235289 expired in November 2010. Appellant's subsequent deportation in 2014 could not have had any effect on the 2007 prosecution, its dismissal, or the expiration of the statute of limitations in 2010.

Finally, the trial court noted the dismissals in cases Nos. 1235289 and 1406441 apparently occurred because the cases were old and not because the prosecutor thought the charges had no merit. This is incorrect as to case No. 1235289 and irrelevant in any event. That case was dismissed on November 21, 2007, only 45 days after the charged offense occurred—it was not dismissed due to its age. Moreover, section 851.91 does not predicate the lack of a resulting conviction on a petitioner's innocence. Statutory eligibility in this case rests on whether no conviction occurred and whether the charge

11.

stemming from the October 2007 arrest was dismissed and could not be refiled—for whatever reason. (*Id.,* subd. (a)(1)(B)(i).)

In sum, as it pertains to case No. 1235289, the trial court indicated no procedural deficiency with the petition under section 851.91, subdivision (b)(1), nor did the appellant's two arrests and one conviction establish a "pattern" of domestic violence offenses within the meaning of section 851.91, subdivision (c)(2)(A)(ii). Instead, having satisfied section 851.91, subdivision (a)(1)(B)(i) and not being subject to disqualification under section 851.91, subdivision (a)(2)(A)–(D), petitioner carried his burden to show that he was entitled, as a matter of right, to have his arrest records sealed in case No. 1235289. The prosecutor made no satisfactory showing that appellant was ineligible or not entitled to relief as a matter of right. (§ 851.91, subd. (d)(2).) The petition with respect to case No. 1235289 should have been granted.

While the trial court's reasoning in ruling on the petition in case No. 1235289 also related to case No. 1406441, the latter case is not before us on appeal. We take no position on appellant's ability to refile a new section 851.91 petition in case No. 1406441 in the future or on his eligibility for relief under any new petition.

## DISPOSITION

The trial court's denial of the petition in case No. 1235289 is reversed and that portion of the trial court's January 7, 2022, ruling is vacated.  On remand, the trial court shall enter an order, pursuant to section 851.91, subdivision (e), and section 851.92, granting the petition to seal in case No. 1235289.

MEEHAN, Acting P. J.

WE CONCUR:

SNAUFFER, J.

DeSANTOS, J.

13.